|  |  |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF IOWA ||
| In The Matter Of<br><br>AUSTIN JAMES UTHE,<br><br>Debtor. | Case No. 20-01784-als7<br><br>**TERRY LEHRMAN'S OBJECTION TO MOTION FOR CONTEMPT/ MOTION FOR SANCTIONS FOR VIOLATION OF THE DISCHARGE INJUNCTION 11 U.S.C. § 524(a), 11 U.S.C. § 105** |

COMES NOW Creditor Terry Lehrman, by and through his attorney, and pursuant to Rules 9014 and 9006 hereby objects to Debtor's Motion for Contempt (caption title of the Motion)/Motion for Sanctions for Violation of the Discharge Injunction 11 U.S.C. § 524(a), 11 U.S.C. § 105 (docket title of the motion) as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. Pursuant to the Docket in the above captioned matter, on September 22, 2020, the Debtor Austin Uthe, filed his Chapter 7 Bankruptcy Petition.

2. At the time of filing the Chapter 7 Petition, *Terry Lehrman v. Thomas J. Uthe, Uthe Farms, Inc., Thomas E. Uthe, Jodie L. Uthe and Austin Uthe*, Case No. LACV033268 ("Case No. LACV033268"), was pending in the District Court in and for Lucas County, Iowa with Austin Uthe as a Defendant, based upon the breach by Defendants (Thomas E. Uthe, Thomas J. Uthe, Austin Uthe, Jodie Uthe, and Uthe Farms Inc.) of a promissory note, mortgage, and personal guarantees.[1] The Petition in Case No. LACV033268 was filed on February 25, 2020.

---

[1] Terry Lehrman has filed several pleadings in the Southern District of Iowa Bankruptcy Court Case Nos. 22-00434, 23-00142, 23-01443, and 24-01495 setting forth the underlying allegations and procedural aspects of Case No. LACV033268.

1

3. No notice of bankruptcy filing bankruptcy stay was ever filed by Austin Uthe or his legal counsel in Case No. LACV033268 nor was an order for bankruptcy stay entered in Case No. LACV033268 with regard to Austin Uthe's bankruptcy.

4. The Schedules in Austin Uthe's Chapter 7 Bankruptcy show two "Dakota 41' Hopper Bottom[s]" valued at $18,000 each[2]. Dkt. No. 1, Schedule A/B, Part 6, No. 49. No VIN or other identifying information is included.

5. Case No. LACV033268 continued forward against Thomas and Jodie Uthe and Uthe Farms Inc. and a Confession of Judgment was obtained from all three.

6. Collection proceeded on the Confessions of Judgment for Uthe Farms, Inc.[3] On August 24, 2023, a General Execution and Praecipe was filed in Case No. LACV033268 for Uthe Farms Inc. Ex. A, Aug. 24, 2023 General Execution, Praecipe, and Documents to Sheriff.

7. The General Execution and Praecipe were sent to the Lucas County Sheriff's Department for execution with the Dictation to the Sheriff directing execution upon *"[a]ny and all property owned by Uthe Farms, Inc."* See Ex. A. The Dictation also provided potential addresses where property could be found and a 2015 Balance Sheet for Uthe Farms, Inc. provided to Terry Lehrman and represented to him by the Uthes that they were assets of Uthe Farms, Inc. *Id*; see also Ex. B, Affidavit of Terry Lehrman. This was the most recent list of assets that was in the possession of Terry Lehrman. *Id*.

---

[2] Compare this to the Sheriff's Receipt that indicated "Dakota Grain Trailers".
[3] In the Chapter 13 Bankruptcy filed by Thomas and Jodie Uthe, Case No. 23-00142 , Terry Lehrman filed a Motion for Relief from Stay with regard to collection actions against Uthe Farms, Inc. and the farm equipment owned by Uthe Farms, Inc. Case No. 23-00142, Dkt. No. 52. The Court filed a Minute Docket entry stating "Finding the automatic stay, that went into effect upon the debtors filing this case, does not extend to Uthe Farms, Inc., the Court hereby Orders that: The motion is denied as being unnecessary. Lucas County District Court Case No. LACVO33268 and related collection efforts may proceed against Uthe Farms, Inc." Case No. 23-00142, Dkt. No. 66. Thomas and Jodie Uthe, while initially claiming they owned $799,500 in farming machinery and equipment, later amended their Schedules to provide that Uthe Farms, Inc. owned the farming equipment and machinery. Case No. 23-00142-13, Dkt. No. 21, Sections 49 & 51; Dkt. No. 46, Sections 37 & 44.

8. On November 3, 2023, the Lucas County Sheriff seized the following property from Uthe Farms, Inc.:

> 1084 Grain Cart Brent
> JD 852C Tractor
> 2001 Kenworth
> **(3) Dakota Grain Trailers**
> 2003 International 2HSCEAXR63C065044
> 1H 1086 Tractor
> Walinga 614 Grain Vac

Ex. C, Sheriff Receipt.

9. On November 6, 2023, Uthe Farms, Inc. filed a Chapter 12 Bankruptcy Petition, Case No. 23-01443. The Notice of Filing Chapter 12 was filed on November 9, 2023 in the District Court Case No. LACV033268.

10. On November 10-11, 2023, counsel for Mr. Lehrman and counsel for Uthe Farms Inc. communicated regarding alleged ownership of two of the three Dakota Grain Trailers seized by the Sheriff. Ex. D, November 10-11, 2023 emails.

11. At the end of November 2023, Sam Marks, attorney for Austin Uthe, contacted counsel for Mr. Lehrman to discuss two of the three Dakota Grain Trailers seized and alleged ownership by Austin Uthe. Communications continued through December 18, 2023 with counsel for Mr. Lehrman providing relevant portions of a deposition of Mr. Thomas Uthe and Exhibit 3 to such deposition and stating that it was believed the seized Dakota Grain Trailers were owned by Uthe Farms Inc. and that a court order would be needed to release two of the Dakota Grain Trailers because it was believed there was fraud. Ex. E, Exhibit P36 December 18, 2023 Emails. While two titles for grain trailers were provided by counsel for Uthe Farms, Inc. and Mr. Marks, no identification numbers or information of the Dakota Grain Trailers were provided on the Sheriff Receipt to match up or compare ownership. Further, as of June 4, 2021, Thomas Uthe testified

3

that Deposition Exhibit 3 (the same list provided to the Lucas County Sheriff with the Dictation to Sheriff), which includes four 2012 Dakota Grain Trailers handwritten in, were all owned by Uthe Farms, Inc. in 2017 and that they remained in the possession of Uthe Farms, Inc. Ex. F, Excerpts of Deposition of Thomas Uthe, Compare Ex. 3 of Deposition with List provided in Dictation. This sworn testimony directly contradicts purported ownership of, or title transfer to Austin Uthe in 2016, and/or suggests return of the Dakota Grain Trailers to Uthe Farms, Inc. at some in 2017.

12. On November 14, 2023, Defendant Uthe Farms, Inc. filed a Motion to Release Property in Case No. LACV033268. Ex. G, Motion to Release Property. The Motion requested release of the equipment seized by the Sheriff back to Defendant Uthe Farms, Inc. *Id*. No mention was made of any of the seized property being owned by someone other than Uthe Farms, Inc. *Id*.

13. On November 19, 2023, the Motion to Release Property was denied on November 19, 2023 due to the Bankruptcy Stay. Ex. H, November 19, 2023 Order.

14. On November 20, 2023, Terry Lehrman filed a Motion for Relief from Stay in the Uthe Farms, Inc. Bankruptcy Proceeding. Case No. 23-01443, Dkt No. 5.

15. On November 21, 2023, Uthe Farms Inc. filed a Motion for Order Establishing Adequate Protection Including Procedures to Return Seized Personal Property. Case No. 23-01443, Dkt No. 7. The Motion requested all of the seized property (the property seized by the Lucas County Sheriff, including the Dakota Trailers) be returned to Uthe Farms, Inc. and made no mention of any of the seized property being owned by anyone other than Uthe Farms, Inc. *Id*.

16. The December 4, 2023 Order of the Court on the Motion for Relief from Stay and the Motion for Order Establishing Adequate Protection provided:

> For the reasons detailed on the record, the Court hereby Orders that: (1) The objection to the motion for relief from stay is overruled. The motion is granted. Rule 4001(a)(3) of the

Federal Rules of Bankruptcy Procedure shall not apply. (2) As a result, the motion for adequate protection is deemed moot. (3) Beyond notice of electronic filing, service of this order is waived. Audio Track 1; Appearances: Mr. Goedicke for Debtor, and Ms. Steuterman for Terry Lehrman. This order has been entered on the docket as directed by Judge Jackwig.

Case No. 23-01443, Dkt No. 15.

17. On December 13, 2023, Defendant Uthe Farms, Inc sought again to quash the General Execution and Praecipe in Case No. LACV033268 arguing, in part, for the first time in a court pleading, that some of the equipment did not belong to Uthe Farms, Inc., but not specifying same. Ex. I, December 13, 2023 Motion[4].

18. Mr. Lehrman resisted such Motion to Quash. Ex. J, December 20, 2023 Resistance to Motion to Quash.

19. An initial hearing on the Motions to Quash was held on January 8, 2024 with the Court entering an Order on January 11, 2024. Ex. K, January 11, 2024 Order. In part, the Order directed the Lucas County Sheriff to retain the personal property previously sized and presently in its possession[5], set the issue of the dispute regarding the ownership of the seized property for a scheduling conference to obtain a trial date on same, and stayed the Sheriff's Sale until final resolution of the matters. *Id*. Notably, the Court also stated that "Defendants Austin Uthe and Thomas J. Uthe are unaffected by the motion and this Courts order." *Id*.

20. On March 6, 2024, the Appraisal of the seized equipment was completed, which included identification of the seized Dakota Grain Trailers by the last four digits of the VIN

---

[4] The Motion to Quash appears to be filed on behalf of Uthe Farms, Inc. and not Austin Uthe, nor did Mr. Goedicke file an appearance in the Lucas County District Court case on behalf of Austin Uthe. Austin Uthe had the authority to contest the execution/levy/claim under Iowa Code § 626.72 but did not file any contest specifically as or on behalf of Austin Uthe (though his ownership interest in two of the Dakota Grain Trailers asserted, evidence taken, and a determination made at the April 3, 2025 hearing/trial).

[5] The prerequisite for retention was met by Mr. Lehrman as he filed the required new Praecipe and request for General Execution within the required time frame.

Numbers allowing those to be matched up to titles. The three Dakotas had Vin Numbers ending in 4995, 4994, and 4145. Ex. L, Appraisal.

21. The trial on the contested matters, including the ownership of two Dakota Grain Trailers, was held on April 3, 2024.

22. The Court found the Dakota Grain Trailers 4994 and 4995 were legally titled to Austin Uthe, that they were exempt from execution and directed the Sheriff to release the Dakota Grain Trailers 4994 and 4995 to Austin Uthe. Ex. M, April 8, 2024 Order.

23. The two Dakota Grain Trailers were released by the Lucas County Sheriff to Austin Uthe on April 9, 2024. Ex. N, Receipt.

## MOTION FOR CONTEMPT/SANCTIONS – SERVICE OBJECTION

24. The instant Motion for Contempt (caption title of the Motion)/Motion for Sanctions for Violation of the Discharge Injunction 11 U.S.C. § 524(a), 11 U.S.C. § 105 (docket title of the motion) was personally served on the undersigned, not Terry Lehrman, on June 11, 2025. The Notice of Deadline for Objections was mailed to the undersigned and received on or about June 12, 2025.

25. Federal Bankruptcy Rule 9020 provides that Rule 9014 governs a motion for an order of contempt. Rule 9014 provides that motions shall be served as provided for service of a summons and complaint by Rule 7004. Rule 7004(a)(3) provides: "*Personally Serving a Summons and Complaint* . Any person who is at least 18 years old and not a party may personally serve a summons and complaint under Fed. R. Civ. P. 4(e)–(j)." Rule 7004(b) provides for service by mail in the following applicable circumstances:

> (1) an individual except an infant or an incompetent person—by mailing the copy to the individual's dwelling or usual place of abode or where the individual regularly conducts a business or profession
> …

(8) any defendant—for whom it also suffices to mail the summons and complaint to the defendant's agent under these conditions:

(A) the agent is authorized by appointment or by law to accept service;

(B) the mail is addressed to the agent's dwelling or usual place of abode or where the agent regularly conducts a business or profession; and

(C) if the agent's authorization so requires, a copy is also mailed to the defendant as provided in this subdivision

26. Mr. Lehrman was not personally served nor was the Motion for Contempt/Sanctions mailed to him. While the undersigned does represent Mr. Lehrman and has represented him before this Court in other cases, she did not previously appear in the above captioned Action. No inquiry was made as to whether the undersigned had authority or agreed to accept service on behalf of Mr. Lehrman when the Motion was personally served upon her. Accordingly, the Motion has not been properly served upon Mr. Lehrman and Mr. Lehrman objects to the Motion proceeding on the grounds of improper service and does not waive such objections by filing of this Objections to Motion for Contempt/Sanctions. *See e.g. Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998) (under Federal Rules, defense is not waived if raised by Motion).

**MOTION FOR CONTEMPT/SANCTIONS – OBJECTIONS**

27. A discharge order entered by the Court releases a debtor from liability or pre-bankruptcy dents and bars creditors from attempting to collect any debt covered by the order. 11 U.S.C. § 524(a)(2); *Taggart v. Lorenzen*, 587 U.S. 554, 556 (2019).

28. A bankruptcy court is authorized to impose contempt for violations of a discharge order "when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 587 U.S. at 560. The imposition of contempt for a violation of a discharge order is grounded in the same principles for any civil contempt action. *Id.* ("the bankruptcy statutes incorporate the traditional standards in equity

practice for determining when a party may be held in civil contempt for violating an injunction."). While the standard is an objective one, "a party's good faith, even where it does not bar civil contempt, may help to determine an appropriate sanction." *Id.* at 561-62. Ultimately, "[a] court may hold a creditor in civil contempt for violating a discharge order where there is not a "fair ground of doubt" as to whether the creditor's conduct might be lawful under the discharge order." *Id.* at 565.

29. Austin Uthe has the burden to show by clear and convincing evidence that Mr. Lehrman (1) had knowledge of the discharge, (2) willfully violated it by pursuing collection activities, and (3) that Lehrman's conduct relates to a debt that is encompassed by the discharge order. *In re Lang*, 398 B.R. 1, 3–4 (Bankr. N.D. Iowa 2008) (internal citation omitted). "Once the plaintiff has made this prima facie showing, the burden shifts to the defendant to show that he or she was unable to comply with the court's order." *In re Jencks*, No. AP 23-09049, 2024 WL 3945008, at *5 (Bankr. N.D. Iowa Aug. 26, 2024)

30. A discharge in bankruptcy does not extinguish the debt itself, instead it only releases the debtor from personal liability, barring enforcement of the debt against the debtor, but the debt still exists and may be collected from any other entity that may be liable. *Id*.

31. The General Execution under which the Dakota Trailers were seized was not an attempt to collect a debt against Mr. Austin Uthe but rather Uthe Farms, Inc. Mr. Lehrman's Dictation to the Sheriff directed seizure of Uthe Farms, Inc. assets, not Austin Uthe assets. *See* Iowa Code § 626.12 (stating if an execution is against the property of the judgment debtor, it shall require the sheriff to satisfy the judgment and interest out of the property of the debtor subject to execution; the General Execution was for Uthe Farms, Inc. as the debtor and against the property of Uthe Farms, Inc. which required the Sheriff to satisfy the judgment and interest out of the

property of Uthe Farms, Inc.) The execution submitted by Mr. Lehrman fulfilled these requirements and specifically indicated that it was to be executed against the property of the judgment debtor Uthe Farms, Inc., not Austin Uthe. It required the Sheriff to satisfy the judgment out of the property of Uthe Farms, Inc. subject to execution.

32. The Uthe Farms, Inc. debt is not encompassed by Austin Uthe's discharge order. Accordingly, Mr. Lehrman did not intend an action that violated the discharge order as Mr. Lehrman did not intend any collection action against Austin Uthe, but rather Uthe Farms, Inc.

33. This Court granted Mr. Lehrman relief from the stay in the Uthe Farms, Inc., Chapter 12 Bankruptcy, allowing Mr. Lehrman to proceed with the collection efforts. Mr. Lehrman's Motion for Relief from Stay included discussion (as well as a copy of the Sheriff's Seizure Receipt) of the seized assets and the desire to move forward with Sheriff's sale. Rather than allege or argue that the some of the seized assets were owned by someone other than Uthe Farms, Inc., Uthe Farms, Inc. took the position that all of the seized assets should be released to Uthe Farms, Inc. and were necessary to the farming operation of Uthe Farms, Inc., which contradicts ownership by Austin Uthe.

34. Thomas E. Uthe and Jodie Uthe have represented to this Court that Uthe Farms, Inc. owned hundreds of thousands of dollars' worth of farming equipment while failing to provide any listing or itemization of such equipment. *See* Case No. 23-00142-13, Dkt. No. 46, Sections 37 & 44. In 2021, Thomas E. Uthe gave sworn testimony that, as of 2017, the Dakota trailers were owned by Uthe Farms, Inc. (which is contrary to the 2016 Titles transferring the Dakotas to Austin Uthe). Ex. G, Excerpts of Deposition of Thomas Uthe, Compare Ex. 3 of Deposition with List provided in Dictation. Uthe Farms, Inc. has made arguments not only to this Court, but to the Lucas County District Court in and for Lucas County, that all of the seized equipment should be released

to Uthe Farms, Inc. implying and evidencing a position that the seized Dakota Trailers were owned by Uthe Farms, Inc. Uthe Farms, Inc. and the Uthes seem more than willing to forgo veracity and accuracy when making representations/claims of ownership of farming equipment and machinery. *See e.g.* Case No. 23-00142-13, Dkt. No. 21, Sections 49 & 51; Dkt. No. 46, Sections 37 & 44 (Thomas and Jodie Uthe, while initially claiming they owned $799,500 in farming machinery and equipment, later amended their Schedules to provide that Uthe Farms, Inc. owned the farming equipment and machinery); Case No. 25-30011 and 25-30013 (Thomas and Jodie Uthe Chapter 7 Bankruptcy, Adversary Proceedings (noting (1) value of farming equipment and machinery going from $794,500.00 to $47,300.00 within a little over a year and (2) setting forth arguments related to the purported sale of a John Deere Tractor to son Joel Uthe while the Tractor was seized and being held by the Lucas County Sheriff and then "loaning" the money paid by the lender financing such purchase back to Joel Uthe).

35. Any mistaken belief as to the ownership of the seized Dakota Trailers, by Mr. Lehrman and/or the Sheriff, especially give the above discrepancies, does not constitute a violation of the discharge order. *See e.g. In re Stewart*, 499 B.R. 557 (Bankr. E.D. Mich. 2013) (withholding of equipment from discharged debtor under mistaken claim of right and not as ongoing attempt to collect debt does not constitute a violation of the discharge injunction). The confusion of ownership was wholly caused by the Uthes and Uthe Farms, Inc.'s actions, representation, and statements under oath.

36. Mr. Lehrman, at the trial on the Motion to Quash, also argued that the transfer of the Dakotas by Uthe Farms, Inc., to Austin Uthe was a fraudulent conveyance. Bankruptcy discharge runs only in favor of the transferor, not the transferee. 11 U.S.C. § 524(e); *In re Antonious*, 373 B.R. 400, 408 (Bankr. E.D. Pa. 2007). Discharge of a transferee does not bar a

transfer avoidance action because such action or argument is in rem. *In re Palumbo,* 353 B.R. 37, 41–42 (Bankr.D.Mass.2006); *In re Antonious*, 373 B.R. at 406-408 (Bankr. E.D. Pa. 2007). Similarly, an in-rem action or argument alleging fraudulent transfer in state court under the state's fraudulent transfer law may not violate a discharge order of a transferee. *In re Antonious*, 373 B.R. at 406-408 (Bankr. E.D. Pa. 2007)[6]. In-rem actions are not discharged in a discharge order, only personal actions. 11 U.S.C. § 524(a)(2).

37. When the Dakotas were seized on November 3, 2023 by the Lucas County Sheriff, they remained in the possession of the Lucas County Sheriff until the Court ordered release on April 8, 2024. The Sheriff informed Mr. Lehrman that they would not release property absent an order from the Court.

38. Uthe Farms, Inc. filed a Motion for Release of Seized Property in Case No. LACV033268, which was denied.

39. Uthe Farms, Inc filed a Motion for Order Establishing Adequate Protection Including Procedures to Return Seized Personal Property, in Case No. 23-01443, Dkt No. 7, this too was denied.

40. The Lucas County District Court, in its January 11, 2024 Order, knowing there was a possible dispute as to ownership of the Dakotas, ordered the seized property to remain in the possession of the Lucas County Sheriff until the dispute was resolved by the Court and stayed the Sheriff's sale pending resolution. *See e.g.* Iowa Code § 630.7 (2025) ("The court may also, by order, appoint the sheriff of the proper county or other suitable person, a receiver of the property of the judgment debtor, or by injunction forbid a transfer or other disposition of the property of the judgment debtor, not exempt by law, or any interference therewith.") The Bankruptcy Court may

---

[6] Iowa Chapter 684, Uniform Fraudulent Transfer Act, argued by Mr. Lehrman at the Lucas County District Court trial on April 3, 2024, provides for in rem remedies – focusing on the property itself. Iowa Code §684.7.

take Judicial Notice of the January 11, 2024 Order and such Order should become the law of the case barring any argument by Austin Uthe that failure of Mr. Lehrman to return the Dakotas before determination of the dispute by the Lucas County District Court was a violation of the Discharge Order. *See In re Cini*, 492 B.R. 291, 310 (Bankr. D. Mont. 2013) (taking judicial notice of a state court decision and applying law of the case to bar re-litigation of issues decided in such case).

41. Mr. Lehrman continually acted consistently with the Orders of the Lucas County District Court and this Court.

42. For the reasons set forth above, there was no violation of the discharge order, there was fair ground of doubt about the legality of the conduct, and/or any violation was not willful.

43. Austin Uthe has not set forth the amount or specific type of actual damage sought. Accordingly, Mr. Lehrman reserves all objections as to actual damages and attorney fees.

Respectfully submitted,

By: /s/ *Allison M. Steuterman*
Allison M. Steuterman (AT0007558)
BRICK GENTRY, P.C.
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
Telephone: 515-274-1450
Facsimile: 515-274-1488
E-mail: allison.steuterman@brickgentrylaw.com
ATTORNEY FOR TERRY LEHRMAN

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2025, a copy of the foregoing pleading was electronically filed with the Clerk of Court. All parties of record registered with the CM/ECF filing system will receive notification of such filing through CM/ECF. Parties of record not registered with the CM/ECF filing system will be provided notification of this filing by U.S. Mail.

By: /s/ *Allison M. Steuterman*