IN THE IOWA DISTRICT COURT FOR LUCAS COUNTY

| | |
|---|---|
| TERRY LEHRMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>AUSTIN UTHE, THOMAS J UTHE, UTHE FARMS, INC, JODIE L UTHE, and THOMAS E UTHE,<br><br>    Defendants. | Case No. LACV033268<br><br><br>**RESISTANCE TO MOTION TO QUASH** |

COMES NOW Plaintiff Terry Lehrman and in support of his Resistance to Motion to Quash states as follows:

1. The judgment amount, court costs, and interest stated in the Praecipe and General Execution are correct and based upon confession of judgment executed, secured via settlement agreement, by Thomas E. Uthe, Jodie Uthe, and Uthe Farms, Inc, jointly and severally, executed November 21, 2022 and entered by the Court in the above captioned matter on or about November 23, 2022 as to Jodie Uthe and executed December 16, 2022 and entered by the Court on December 21, 2022 as to Thomas E. Uthe and Uthe Farms, Inc.. Ex. 1, Confession of Judgment.[1]

2. Originally, a General Execution was served and $0.00 was collected from same. Ex. 2, General Execution; Ex. 3, Return of Execution.

3. A Praecipe was filed on November 23, 2022 and General Execution for Ms. Jodie Uthe was entered on November 28, 2022. Ex. 2, November 2022 Praecipe and General Execution. Another Praecipe and General Execution for garnishment of Ms. Jodie Uthe's wages was filed on

---

[1] Relevant to this matter, Thomas J. Uthe filed a Chapter 12 Bankruptcy Petition, Case No. 22−00434−als12, on or about April 26, 2022, staying all action against him in the above captioned matter.

1



December 7, 2022.  Ex. 4, December 2022 Praecipe and General Execution.  While $96.50 was "collected" by the Sheriff in March 2023, all of such funds were retained by the Sheriff as fees of the Sheriff.  Ex. 5, Return of Service; Ex. 6, Notice of Garnishment and Interrogatories.

4. To the best of the undersigned's knowledge, no funds have been collected by the Court or Terry Lehrman from the Praecipe and Executions against Ms. Jodie Uthe.

5. A Praecipe and General Execution was filed on December 21 and 22, 2022 respectively against Thomas Edward Uthe. Ex. 7, December 21/22, 2022 Praecipe and General Execution. The Execution was returned with $100 "collected" which actually was just the $100 paid to the Sheriff by the undersigned law firm, and $67.50 of that was reimbursed to the firm with the Sheriff retaining 32.50.  Ex. 8, May 22, 2023 Return of Service; Ex. 9, Receipt for payment of $100.

6. To the best of the undersigned's knowledge, no funds have been collected by the Court or Terry Lehrman from the December 2022 Praecipe and Executions against Thomas E Uthe.

7. Jodie Uthe and Thomas J. Uthe filed a Chapter 13 Bankruptcy Petition on February 9, 2023 and collection actions against them ceased. The Chapter 13 Bankruptcy was dismissed on October 18, 2023.

8. In the Chapter 13 Bankruptcy, the Court noted that the bankruptcy stay did not apply to Uthe Farms, Inc. Ex. 10, July 17, 2023 Minute Entry in Case No. 23-00142-lmj13.

9. A Praecipe and General Execution was filed on August 24, 2023 against Uthe Farms, Inc.  Ex. 11, August 24, 2023 Praecipe and General Execution.

10. On November 3, 2023, equipment was seized by the Sheriff and such property remains in the possession and control of the Sheriff.

11. On November 6, 2023, Uthe Farms, Inc. filed a Chapter 12 Bankruptcy Petition, staying all collection efforts.

12. On November 20, 2023, Terry Lehrman filed a Motion for Relief from Stay in Uthe Farms, Inc.'s Chapter 12 Bankruptcy.  Ex. 12, Motion for Relief from Stay.  On November 28, 2023, Uthe Farms filed a Resistance to same.  Ex. 13, Resistance to Motion for Relief from Stay. On November 21, 2023, Uthe Farms filed a Motion for Adequate Protection.  Ex. 14, Motion for Adequate Protection.  Notably, Uthe Farms did not argue that the Praecipe or General Execution were incorrect in the resistance to the Motion for Relief from Stay.  On November 28, 2023, Terry Lehrman filed a Resistance to same.  Ex. 15, Resistance to Motion for Adequate Protection.

13. On December 4, 2023, the Bankruptcy Court granted Terry Lehrman's Motion for Relief from Stay allowing the appraisal and sale of the seized equipment to move forward.  Ex. 16, Minute Entry. At the same time, the Court denied Farms, Inc.'s Motion for Adequate Protection which requested return of the equipment to Uthe Farms, Inc.  *Id*. Accordingly, this matter has been adjusted by the Bankruptcy Court and the decision of the Bankruptcy Court is an impermissible collateral attack on the Order by the Bankruptcy Court. *See e.g. Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731-32 (8th Cir. 2004) (claims against sale of collateral approved by Bankruptcy Court is impermissible collateral attack and is barred). Similarly, it is barred by issue preclusion. *See e.g. Cornice & Rose Int'l, LLC v. Four Keys, LLC*, 76 F.4th 1116, 1122 (8th Cir. 2023) (attempt to relitigate Bankruptcy Court's order for sale was barred by issue preclusion where party had objected to sale in the bankruptcy proceedings).

14. To date, it is unclear of the value of such seized equipment.

15. It is believed that Uthe Farms Inc. may assert that a settlement between Terry Lehrman and TJ Uthe in his Chapter 12 Bankruptcy is what Lehrman has failed to account

3

for. However, undersigned counsel is aware of no law that requires such settlement to be accounted for or included in a reduction of the debt of Uthe Farms, Inc. First, the debt owed by TJ Uthe to Terry Lehrman and the purpose of the settlement was based upon a promissory note and mortgage executed by TJ Uthe, not the confession of judgment at issue for Uthe Farms, Inc. nor the personal guaranty executed by Uthe Farms, Inc., Jodie Uthe and Thomas E. Uthe. Ex. 17, Amended Proof of Claim TJ Uthe Bankruptcy. Second, the total debt owning by TJ Uthe, as set forth in Lehrman's claim in the Chapter 12, was $635,435.46, not the $475,000 of the confession of judgement, and the settlement provided for release and dismissal of the claim as well as Lehrman's objections to the Plan. *Id*. Third, the settlement provides for transfer possession of two properties (admittedly appraised at $215,000 and $210,000, though it is unclear whether they can be sold for same) to Lehrman on March 15, 2024 – until then, the deed is held in escrow by TJ Uthe's counsel and TJ Uthe remains in possession of such properties this point and his title to such properties has not been recorded. Ex. 18, TJ Uthe Settlement Agreement. Finally, the settlement agreement specifically provides:

k. The Parties acknowledge that this Stipulation of Compromise and Settlement Exhibit 2 - Page 3 of 5 Page 4 of 5 Agreement relates only to the claim(s) of Lehrman against Debtor Thomas J. Uthe and/or Uthe Row Crop Company, LLC, and in no event releases any judgements, debts or claims asserted against Thomas E. Uthe, Jodie Uthe, and/or Uthe Farms, Inc. The Modified Plan shall remove any language regarding reduction of claims based upon collection against Uthe Farms, Inc. or otherwise.
*Id.*

16. While collection from Uthe Farms, Inc., Jodie Uthe, and/or Thomas E. Uthe based upon the confession of judgment of guarantors may have acted to reduce the debt owed by TJ Uthe that had not yet been reduced to a judgment; the undersigned could not find any case law directly on point that requires collection on an entered judgment to be reduced based upon a subsequent

settlement agreement with a third-party who was not included in nor part of the joint and several judgment, especially one that has not yet been fully performed.

17. Uthe Farms, Inc., Thomas Uthe, and Jodie Uthe have done all in their power to interfere with, prolong, and attempt to eliminate the rightful collection efforts of Terry Lehrman on the confession of judgment executed by them in 2021.  The Bankruptcy Court has decided this matter in allowing Terry Lehrman relief from the stay to proceed forward with appraisal and sale of the seized equipment.  This is yet another unsupported attempt by the Defendants to avoid their liability in the above captioned matter.  It is meant to harass, cause unnecessary delay, and increase costs to Plaintiff.  Accordingly, Plaintiff requests the Court award him his attorneys' fees associated with the resistance of Uthe Farms, Inc.'s Motion to Quash pursuant to Iowa Rule of Civil Procedure 1.413.

WHEREFORE, Terry Lehrman respectfully requests the Court deny Uthe Farms, Inc.'s Motion to Quash, award Plaintiff his attorneys fees incurred for the Resistance to Motion to Quash and subsequent Hearing, and for further relief that the Court deems just and equitable.

Respectfully submitted,

BRICK GENTRY, P.C.

By: */s/ Allison M. Steuterman*
Allison M. Steuterman AT0007558
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
Telephone:515-274-1450
Facsimile: 515-274-1488
E-mail:  allison.steuterman@brickgentrylaw.com
ATTORNEY FOR TERRY LEHRMAN

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2023, a copy of the foregoing pleading was electronically filed with the Clerk of Court. All parties of record registered with the EDMS filing system will receive notification of such filing through EDMS. Parties of record not registered with the EDMS filing system will be provided notification of this filing by U.S. Mail.

By:     */s/ Lisa Anderson*